Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000861
29-JUN-2018
09:46 AM

NOS. CAAP-17-0000861, CAAP-17-0000889, CAAP-18-0000303, CAAP-18-0000429, AND CAAP-18-0000514

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAAP-17-0000861
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-17-0000889
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-18-0000303
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-18-0000429
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-18-0000514
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-17-03584)

ORDER
CONSOLIDATING CASE NUMBERS CAAP-17-0000861,
CAAP-17-0000889, CAAP-18-0000303, CAAP-18-0000429,
AND CAAP-18-0000514 UNDER CASE NUMBER CAAP-17-0000861
AND
DISMISSING CONSOLIDATED APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-03584 for the resulting appeals in appellate court case numbers CAAP-17-0000861, CAAP-17-0000889, CAAP-18-0000303, CAAP-18-0000429, and CAAP-18-0000514, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In these five appeals, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable Peter Bresciani's December 4, 2017 interlocutory order, as well as four interlocutory orders that the Honorable Margaret Masunaga entered on December 5, 2017, March 29, 2018, April 2, 2018, and May 23, 2018, during the pretrial proceedings for Plaintiff-Appellee State of Hawaii's December 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017). Under these circumstances, the consolidation and dismissal of these five appeals is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to [Hawaiʻi Rules of Appellate Procedure] Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure; State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the

appealability of a district court judgment of conviction); <u>State v. Hern</u>, 133 Hawai'i 59, 62, 323 P.3d 1241, 1244 (App. 2013) (regarding the appealability of a district court judgment dismissing the complaint without prejudice).

In the instant five appeals, the December 4, 2017 order, the December 5, 2017 order, the March 29, 2018 order, the April 2, 2018 order, and the May 23, 2018 order are not independently appealable final orders under HRS § 641-12, and, thus, they are interlocutory orders that would be eligible for appellate review only by way of an appeal from a subsequent appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." <u>State v. Adam</u>, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment on the State's original December 4, 2017 complaint for criminal contempt of court in violation of HRS § 710-1077, and, thus, we lack appellate jurisdiction over all five appeals.

Granted, on May 23, 2018, the district court entered a "FINDINGS AND JUDGMENT OF SUMMARY-DIRECT CRIMINAL CONTEMPT" against Spinney, finding that Spinney caused a breach of peace and disturbance in open court, and, consequently, Spinney was guilty of "summary-direct criminal contempt" in violation of subsections (a) and (b) of HRS § 710-1077(1) under the circumstances described in HRS § 710-1077(3)(a). The district court sentenced Spinney to imprisonment for a term of thirty days. HRS § 710-1077(3)(a) authorizes a trial court to treat a party's contempt of court as a petty misdemeanor when the party commits the offense in the immediate view and presence of the trial court:

> (3)   The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:
>
> (a)   If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; . . . .

The district court's May 23, 2018 judgment pursuant to HRS § 710-1077(3)(a) is not an appealable final judgment under HRS § 641-

12. The Supreme Court of Hawai'i has held that, instead, "HRS § 710-1077(5) governs the procedures for an appeal of a conviction of criminal contempt, pursuant to HRS § 710-1077(3)(a)[.]" State v. Tierney, 92 Hawai'i 178, 179, 989 P.2d 262, 263 (1999). HRS § 710-1077(5) provides that "[a] judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review." (Emphasis added.) Consequently, when a party is "convicted of and sentenced for criminal contempt under subsection (3)(a), HRS § 710-1077(5) requires that [the party] seek review in a proceeding for an extraordinary writ or special proceeding for review." Tierney, 92 Hawai'i at 179, 989 P.2d at 263. Thus, when a defendant, Tierney, attempted to appeal from a district court conviction and sentence for criminal contempt of court pursuant to HRS § 710-1077(3)(a) under the statute authorizing defendants to appeal from district court judgments of conviction, HRS § 641-12, the Tierney court "dismiss[ed] Tierney's appeal for lack of appellate jurisdiction." Tierney, 92 Hawai'i at 179, 989 P.2d at 263. Similarly in the instant case, HRS § 710-1077(5) prevents the district court's May 23, 2018 judgment of conviction against Spinney for criminal contempt in violation of HRS § 710-1077(3)(a) from qualifying as an appealable judgment under HRS § 641-12. Absent an appealable final judgment under HRS § 641-12, we lack appellate jurisdiction over all five appeals.[1]

Therefore, IT IS HEREBY ORDERED that appellate court case numbers CAAP-17-0000861, CAAP-17-0000889, CAAP-18-0000303, CAAP-18-0000429, and CAAP-18-0000514 are consolidated under appellate court case number CAAP-17-0000861. The appellate court clerk shall file a copy of this order in appellate court case

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).

numbers CAAP-17-0000861, CAAP-17-0000889, CAAP-18-0000303, CAAP-18-0000429, and CAAP-18-0000514.

IT IS FURTHER HEREBY ORDERED that the consolidated appeals in appellate court case number CAAP-17-0000861 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2018.


Chief Judge


Associate Judge


Associate Judge